This is case number 524-0813, people against Chad Evans. I'm Justice Moore presiding. The other justices on this panel are Justices Welch and Cates. Neither one of them could actually be here today for the argument, but they will be able to listen to the Zoom arguments and they have the and they will be participating in the decision. So, appellant's attorney, you may proceed. Please state your name for the record. Chloe Sension Yes, good afternoon, Your Honor, and may it please the court. My name is Chloe Sension, Assistant Appellate Defender representing the appellant, Mr. Chad Evans in this matter. Mr. Evans joined the U.S. Army and served in Iraq, and as a result of his military service, he is now mentally and physically disabled, including having PTSD from war and a traumatic brain injury. Before being imprisoned in this case, Mr. Evans was taking care of his disabled aging mother and struggling to overcome his addiction to meth. He has never been to prison before and never committed any violent felonies, yet as a result of his addiction struggles, he was found in possession of 0.6 grams of meth, unable to comply with probation, and sentenced to five years in prison. Well, let me make a suggestion. I'm acquainted with the facts having read the briefs. One thing I want you to focus on is this issue of the extended term eligible, and uh, the other is, of course, whether or not the judge improperly looked at the probation behavior and what you suggest the proper remedy is. So, if you'd focus on that, I would appreciate it. Yes, your honor. Absolutely. We can dive right into the first issue, which is that Mr. Evans is serving an extended term sentence, but it is now clear. How do you know it's extended term, since a class three is three to five, and the extended term was five to ten? So, how do you know that? Well, the sentencing transcript shows that the trial court judge was under the impression that Mr. Evans was extended term eligible, and that went unquestioned and unchallenged. So, that put the range at two to ten years, as your honor said, as opposed to a two to five year sentence. And even though it's true that Mr. Evans is serving a five year sentence, that's the maximum end of the normal range. And the judge's, the trial court's impression was that Mr. Evans was eligible for that two to ten year range. And so, when setting that record, excuse me, did he say extended term eligible on the record? Yes, your honor. I, there was a discussion with the prosecutor and the trial court about Mr. Evans being extended term eligible because of another case from Marion County that was also going on sort of parallel with this case. It was also a possession of methamphetamine case in Marion. I think it was Clinton County. Yes, I believe so. So, in other words, he's saying there's another case in the same circuit that's going on with similar circumstances, or was it the same defendant? It was the same person, Mr. Evans, but the other felony case is this Marion County case. That's the only other class three felony or greater conviction that Mr. Evans has, which could qualify him for extended term sentence. The issue is that we now know the Marion case did not reach finality until a few months after this case. And that's why... When did it reach finality? Are you referring then to the Lemons case for your authority? Yes, your honor. The other case, Marion County, reached finality on August 28th of 2024. And we attached that criminal history sheet to the appendix of the opening brief. But here, the final sentence occurred in June, on June 28th. So, under Lemons, the Illinois Supreme Court has decided that for the purposes of determining this period of extended term eligibility, that 10-year period is set based on the defendant's final sentencing date, rather than the original sentencing. And once probation has been revoked, the trial court is to impose any sentence that it could have originally imposed. So, in the state... And that would be up to at least five years, right? It could be within the range of two to five years, yes. Even under your theory, the sentence he actually received was within that limitation, correct? That is correct, your honor. However, the trial court's impression of the two to 10-year term was the framework of the sentencing hearing. And so, setting a five-year sentence is somewhat more in the middle of two to 10 years, whereas a two to five-year range, it's the maximum. It's more than double the minimum range or sentence. So, that's why this error impacted Mr. Evans. And under Lemons, it's a bit of a strange procedural reality, but according to Lemons, that other case in Marion County could not have counted to serve as extended term eligibility for Mr. Evans. And the state has presented no case law to urge this court to hold otherwise and go against the Lemons decision. So, because Mr. Evans was last sentenced in Marion County after he was last sentenced here, that cannot fall within the prior 10-year period for the extended term eligibility. And the fact remains that Mr. Evans was sentenced within that two to 10-year range when he was not, in fact, qualified for an extended term. And that's why a new hearing is required. So, what's the MSR for class three? For a class three felony? Yes. The standard range is two to five years. No, the MSR. Oh, I apologize. Otherwise known as parole. Ah, I can't remember off the top of my head, Your Honor. I don't want to tell you the wrong range, but he was sentenced to probation initially and unfortunately could not. Isn't it one year? I apologize, Your Honor. I'm not sure what the probation range is. Okay, I'll ask your colleague for the state. Yes, Your Honor. So, Mr. Evans was sentenced to probation when that was revoked. He was sentenced, as we know, to five years under this impression of extended term eligibility. And that's why we're asking for a new sentencing hearing. I've asked you a lot of questions. You only have about two minutes left, so I'll give you a chance to go into your other issues. Yes, Your Honor. Turning to the second issue, the trial court erred by improperly considering Mr. Evans' conduct while on probation in setting his sentence as opposed to sentencing him for the possession conviction. And this is evidenced by the trial court's remarks at sentencing, which were at least unclear as to whether the trial court improperly commingled this uncharged conduct with the underlying offense. One of those remarks was, quote, and the fact that you have just absolutely not complied with probation, I cannot give you probation one more time. And the fact that there are multiple probation petitions outstanding in Marion County, Mr. Evans, you are quite lucky that the state is not asking for more than they are, end quote. And this shows that the trial court was directly tying Mr. Evans' probation violations to the sentence that was imposed. What did the state ask for? I'm sorry, Your Honor, can you repeat that? What did the state ask for? The state asked for six years of imprisonment, and as we know, ultimately he was given five. But in the sentencing hearing, the trial court only made a passing reference to the original offense, and it was apparent from these remarks. Your Honor, I see my time has expired. Go ahead and finish your, I took up quite a bit of your time. You can finish. Thank you, Your Honor. So, the trial court's remarks are really what this court should consider in their totality, and they show that the trial court was punishing Mr. Evans' forced probation violations rather than the original offense, and that's why we're asking for a new sentencing hearing. And for these reasons, we ask this court to reduce Mr. Evans' sentence or remand for a new sentencing hearing. Thank you. Thank you, counsel. Now hear from the state. Counsel, please state your name for the record. My name is Ivan O. Taylor, Jr., arguing on behalf of the people of the state of Illinois. Good morning, Your Honor. Good morning, counsel. May it please the court. This court should affirm defendant's five-year sentence for possession of methamphetamine, as defendant cannot demonstrate that any error occurred within this case. Starting with the first issue, there is no error with regards to whether or not defendant was extended term eligible, as he was extended term eligible. Defendant's argument is effectively asking this court to allow him to participate in gamesmanship, an act that our Supreme Court has repeatedly and emphatically has disavowed and prevented any other defendant from doing so for very good reason. One example of this is in the Evans case regarding guilty pleas. That particular defendant had a fully negotiated plea deal with the state, and after receiving that deal, he attempted to reduce his sentence after the fact. Our Supreme Court stated that allowing that defendant to invalidate the foundation of the plea bargaining process would be effectively encouraging gamesmanship of the most offensive nature, and that is effectively what this defendant is trying to do now. In his attempt to cite to Lemons to say that he was no longer eligible for extended term sentencing because he violated his probation in a different case and was not yet resentenced on that case, is asking to try to escape the consequences of his own actions, and especially since the reasoning in Lemons is very clear, our Supreme Court stated in Lemons that their holding was to avoid the absurd result of a defendant violating his probation and postponing resentencing in order to escape later sentencing under the extended term statute provisions. Those provisions are in place to ensure that defendants who refuse to rehabilitate themselves will suffer more consequences from continuing violating the law. It's very similar to the provision in Montgomery regarding using prior convictions to impeach witnesses from Montgomery as codified in the Evidence Rule 609. That time frame is also 10 years, and that clock starts running 10 years after conviction or 10 years after release from confinement, and that is actually consistent with Lemons' holding as the high limitation gets reset when there is a new sentencing, and from Lemons' holding, because that particular defendant also repeatedly violated his probation and kept being resentenced to probation and violated again and dragging out the process of his being found guilty, like his 10-year limitation time period does not start until the final sentence that he received in 1996 in that case. That is the reasoning for Lemons' holding, to prevent abuse by defendants who decide that they don't want to follow the law and actually follow their probation requirements. And in this instance, it's the same situation. This defendant, in the other case, I believe in Marion County case, which he was also found guilty, well, pled guilty for possession of methamphetamine, he violated his probation. His probation was revoked. He got sentenced to re-sentenced to not get to try to invalidate his conviction by violating his probation to avoid a greater sentence in this case. Moreover, I believe the defendant mentioned how that during this process, during the resentencing in this case, that it's free to have any sentence that's appropriate at the time. Well, when this defendant was first found guilty and first pled guilty in this case, that was in October 10th, 2018. In the Marion case, he pled guilty on February 18th, 2017. That case, his probation was still in place at the same, his conviction and probation were still, his conviction that he pled guilty then and his probation from that plea of guilty was in place when he was first pled guilty in this case and was sentenced to probation in this case initially. Under defendant's argument saying that he can only re-sentence to the same range that was appropriate at the time of his initial conviction in this case, he was convicted in Marion at the time. Because in Marion case, his first probation was not revoked until May 21st, 2019 after he was pled guilty in this case. So even on her own reasoning, this, he is still extended term eligible. Even if this court were to consider defendant's argument that he was not extended term eligible, as you've pointed out, Your Honor, he was sentenced to five years, which is within the statutory range of a class three felony in this case. And while the trial court did mention the extended term eligible, it never specified that it was giving defendant an extended term. It just stated that it was sentencing him to five years of incarceration with some time served, I believe, as well as MSR. I don't recall how much time. I believe MSR in this case is one year, but I don't know the exact timeframe for MSR or class three felony. So let me ask you this about the MSR. Mm-hmm. Didn't the trial judge give him six months? I believe you're correct, Your Honor. I believe the judge did give him six months of MSR as opposed to one year of MSR. So the trial judge's sentence in that regard is not correct. Is that true? Do you agree with that? Yeah, you'll be correct, Your Honor. The sentence after the MSR, that would be incorrect. I don't think the defendant would want to challenge that because it is a lesser time. Obviously, if he wished to do so, he could because it does not follow the provisions of the statute. But it's not an issue that was actually brought up by the defendant in this case, at least not this aspect of his sentencing. One thing that people want to point out as the defendant has brought this issue under plain error for the first argument, that plain error does not apply. In defendant in the charging instrument, it was stated that he was extended term eligible. It was stated in open court multiple times when defendant's counsel was present. At no point did his counsel ever object to the idea, to the notion that the defendant was extended term eligible. Effectively, if there is any error as to his I'm not understanding how it's invited. Because during this resentencing hearing, the people said the trial court and the people both stated that the defendant is extended term eligible and neither defendant or his trial counsel ever objected to whether or not he was extended term eligible. They accepted that reality that he's eligible for extended term sentencing. And by trial counsel's acquiescence, if there is error and his eligibility for extended term sentencing, he invited that error by accepting the statements of the trial court. And that's why it would be invited error if there is any error. And so as invited error, plain error does not apply. With regards to ineffectiveness of counsel, people argue that there is no prejudice here. Because as you point out, Justice Moore, that he was sentenced to five years, which is in the statutory range of a class three felony. There is nothing in this record to indicate that even though the trial court acknowledged he was extended term eligible, there's no indication that the trial court actually sentenced him to an extended term. We know that his trial court did sentence him to five years. With regards to whether or not the trial court was sentencing a defendant based upon his actions during probation, the people argue that the statements of the trial court were not indignant. Do you agree with the defendant's argument that if that is incorrect, that if this court finds that is incorrect, that he should be entitled to a new sentencing hearing because the trial court was not considering the proper parameters of the sentence? If the defendant is not extended term eligible, and if this court finds that the trial court did sentence him based on extended term, then he would be entitled to a sentencing hearing, to a new sentencing hearing, if the court comes to that conclusion. Yes, Your Honor. With regards to whether or not the people do not believe that the trial court utilized his actions during probation as a basis for his resentencing, the trial court is allowed to comment- No basis for that. I'm sorry, Your Honor? What is your basis for saying that? Well, first, the case law says that the trial court can comment on the actions that occurred during probation to determine whether or not the defendant has a rehabilitative potential for the defendant. Your Honor, my time has ended. May I please finish? I will say, I'll let you comment on this. You probably do agree that he did struggle during probation. Yes, he did struggle during probation, but the trial court is allowed to comment upon the defendant's actions during probation to determine a rehabilitative potential and whether or not probation would be another appropriate sentence. This particular resentencing hearing, this is not the first one in this case. He had a prior hearing that he had probation. It was revoked due to his failure to comply with the probation requirements, and he was resentencing probation previously. Was this his second PTR in this case? I believe it's the second one in this case, yes, Your Honor. The trial court can comment on the actions of probation to determine if probation is appropriate, and that's what happened in this case. The trial court commented on the fact that this defendant has demonstrated that he cannot abide by the requirements of probation, and that's why she made a statement. That's why the trial court made a statement it did during this case. It wasn't trying to punish him for his action of probation. It was indicating that he's no longer appropriate to receive probation as a sentence. What about the contrast between the original sentence of probation and the max of five years under the class three? For the contrast, the people argue that as it's still within statutory range, it's not his first class three felony for possession. He has prior cases, excluding the traffic cases, he has prior cases of multiple batteries on his record, as well as I'm blanking on the entirety of his PSI, but the length of the criminal history is PSI, as well as the type of particular offense and the fact that the defendant, irrespective of his addiction and his mental health, well, actually, because of his addiction and mental health, our Supreme Court has repeatedly stated that addiction and mental health are not necessarily mitigating factors. They can be aggravating, and for this defendant, unfortunately, it is aggravating. He's been given multiple opportunities to try to seek help and treatment for his mental issues, for his addiction, and he's chosen not to actually avail himself of those treatments. Okay, thank you, counsel. Thank you, Your Honor. I'm sorry to say that people ask that you affirm defendant's conviction and sentence. Counsel Finchon in rebuttal. Thank you, Your Honor. On rebuttal, I have two brief points. First, unlike the state's accusation that Mr. Evans is engaged in gamesmanship, Mr. Evans is not taking advantage or abusing the system. This is unfounded and not supported by the record. This first issue is a legal issue, and as I said, it's a bit of a strange procedural issue, but the timing and cutoff points are clearly established from Lemons, and based on Lemons, Mr. Evans was not extended term eligible here, and the more reasonable explanation for Mr. Evans' conduct and probation violations is- What about counsel's assertions about the Marion County case? Why does that not apply? He says it was a class three in Marion County, and he had already pled guilty and been sentenced on that. Yes, Your Honor. The reason is because now we can see those final dates when these cases reached their final judgment, and we know that the Marion case didn't reach final judgment until August, and even though this might be a bit unusual, under Lemons, that removes it from being considered for extended term eligibility because it's not within the prior 10-year period, and Mr. Evans was clearly struggling with probation and unable to overcome his addiction, but that doesn't mean that he deserved the maximum sentence for this range. I also wanted to respond to an earlier question Your Honor had asked about the court having extended term eligibility in the mind during the sentencing hearing, and we can see that in the report of proceedings on page 224, where the trial court explains to Mr. Evans that he is eligible between a two to 10-year extended term range. Also, the fact that the state asked for six years shows that they were operating based on this understanding that Mr. Evans was extended term eligible. Second, I want to respond to the state's argument that plain error doesn't apply here. Under second prong plain error, forfeited sentencing issues are reviewable by this court if that error affected, quote, the very framework in which the sentencing hearing occurred, and clearly from these quotes in the record, we know that this was the framework that the trial court was operating under. Maybe he couldn't sentence Mr. Evans to probation. Again, that's understandable, but again, that doesn't mean Mr. Evans deserved double the minimum sentence for this range, especially where he had never been to prison before and had no violent felonies and was clearly a drug addict who needs help, was taking care of his mother, at least contributing to society in that way. And as Your Honor pointed out, the fact that originally got probation shows that the trial court saw this crime and this harm as more minimal. So, there is jurisdiction for this court to review this error under second prong, and we also argued alternatively ineffective assistance of counsel for failing to object. And if Your Honor has no further questions, we would ask this court to repurse and remand for a new sentencing hearing. Thank you, counsel. This court will take the matter under advisement and issue its decision in due course with Justices Welch and Cates on the panel also participating.